Anna Y. Park, SBN 164242
Nakkisa Akhavan, SBN 286260
Taylor Markey, SBN 319557
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1083
Facsimile:  (213) 894-1301
E-mail:  lado.legal@eeoc.gov

Gaganjyot K. Sandhu, SBN 327379
gaganjyot.sandhu@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
555 W. Beech Street, Suite 504
San Diego, CA 92101
Telephone: (619) 900-1616
Facsimile: (619) 557-7274


Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>Elaine's Pet Resorts, LP; Elaine's Animal House, Inc; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT—ADA**<br>- **FAILURE TO PROVIDE REASONABLE ACCOMMODATION**<br><br>**JURY TRIAL DEMAND** |

-1-

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to two Charging Parties—Charging Party I and Charging Party II—and a class of similarly aggrieved individuals who were adversely affected by such practices. As alleged with greater particularity in paragraphs 20 to 42 below, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendants Elaine's Pet Resorts, LP and Elaine's Animal House, Inc. (collectively, "Defendants") unlawfully discriminated against the Charging Parties and a class of applicants for employment and employees in violation of Section 102 of the ADA, 42 U.S.C. § 12112 by failing to engage in the interactive process and failing to provide them reasonable accommodations because they received positive results on their post-offer drug screening tests, which were attributable to medications legally prescribed for their impairments, which resulted in Defendants' failing to hire or terminating them. Specifically, the Commission alleges that Defendants failed to engage in the interactive process and failed to provide reasonable accommodation to Charging Party I, whose positive result on a post-offer drug screening test was attributable to a medication legally prescribed for his impairment, Attention-Deficit/Hyperactivity Disorder ("ADHD") and, in doing so, Defendants rescinded his job offer and failed to hire Charging Party I, rather than accommodating him by making an exception to their blanket policy. The Commission also alleges that Defendants failed to engage in the interactive process and failed to provide reasonable accommodation to Charging Party II, whose positive result on a post-offer drug screening test was attributable to medications legally prescribed for her impairments, including depression, chronic anxiety disorder, chronic pain, and past opioid addiction. Rather than accommodating Charging Party II by making an exception to their blanket policy, Defendants terminated her, despite her satisfactory performance in the position. The Commission further alleges that Defendants discriminated against a class of similarly aggrieved individuals, who received positive results on their post-offer drug screenings because of medications legally prescribed for their

impairments, by failing to engage in the interactive process and failing to provide reasonable accommodations.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of California.

## PARTIES

3.      Plaintiff is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Elaine's Pet Resorts, LP ("Elaine's Pet Resorts") has continuously been a limited partner in the State of California, the City of Fresno, and the City of Madera, and has continuously had at least 15 employees.

5.      At all relevant times, Elaine's Pet Resorts has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

6.      At all relevant times, Elaine's Pet Resorts has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7.      In each calendar year from 2021 through the present, Elaine's Pet Resorts has continuously employed at least 101 employees.

8.      During the relevant time period, Elaine's Pet Resorts failed to hire Charging Party I and a class of similarly aggrieved individuals rather than making reasonable accommodations

for their disabilities to permit their hire.

9. At all relevant times, Elaine's Pet Resorts employed Charging Party II and a class of similarly aggrieved individuals.

10. At all relevant times, Defendant Elaine's Animal House Inc. ("Elaine's Animal House") has continuously been a general partner of Elaine's Pet Resorts in the State of California, the City of Fresno, and the City of Madera, and has continuously had at least 15 employees.

11. At all relevant times, Elaine's Animal House has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

12. At all relevant times, Elaine's Animal House has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

13. In each calendar year from 2021 through the present, Elaine's Animal House has continuously employed at least 101 employees.

14. During the relevant time period, Elaine's Animal House failed to hire Charging Party I and a class of similarly aggrieved individuals, rather than making reasonable accommodations for their disabilities to permit their hire.

15. At all relevant times, Elaine's Animal House employed Charging Party II and a class of similarly aggrieved individuals.

16. Defendants formed a limited partnership in the State of California. At all relevant times, Elaine's Pet Resorts has been a limited partner and Elaine's Animal House has been a general partner in this limited partnership. At all relevant times, Defendants have operated two pet resorts in Fresno, California and Madera, California. At all relevant times, both Defendants have controlled the operations of the pet resorts.

17. Since at least 2021, Defendants have been collectively operating as a single employer and/or integrated enterprise in California. Defendants have common management and ownership, centralized control of labor operations, and interrelation of operations.

18. All acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint

employer, integrated enterprise, or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved, and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

19.     Plaintiff is ignorant of the true names and capacities of each defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## ADMINISTRATIVE PROCEDURES

20.     More than 30 days prior to the institution of this lawsuit, the Charging Parties filed charges of discrimination with the Commission alleging violations of the ADA by Defendants.

21.      Defendants received copies of the charges of discrimination, and participated in the Commission's investigation, including by communicating with Commission enforcement staff and responding to requests from the Commission for a position statement, information, and documents.

22.     On June 6, 2023, the Commission issued Letters of Determination to Defendants, finding reasonable cause to believe that Defendants violated the ADA as to the Charging Parties and a class of similarly aggrieved individuals and inviting Defendants to participate in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

23.     After the Commission issued the Letters of Determination to Defendants, the Commission engaged in communications with Defendants in which Defendants had the opportunity to remedy the discriminatory practices described in the Letters of Determination. The

Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

24.    On June 23, 2023, the Commission issued Notices of Failure of Conciliation to Defendants, advising that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

25.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

26.    Since at least May 2021, Defendants have engaged in unlawful employment practices by subjecting the Charging Parties and a class of similarly aggrieved individuals to discrimination on the basis of their disabilities at Defendants' facilities in Fresno and Madera, California in violation of Section 102(a) and (b)(5)(A)-(B) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5)(A)-(B).

27.    In May 2021, Charging Party I applied and interviewed for a kennel staff position with Defendants. He had a high school diploma and animal handling experience.

28.    After determining that Charging Party I was qualified to perform the essential functions of the kennel staff position, Defendants, through the general manager of the pet resorts in Fresno and Madera, offered the kennel staff position to Charging Party I and requested that he take a post-offer drug screening test with Quest Labs. Charging Party I asked the general manager whether she needed to know about any prescription medications he was taking in advance of the test, and she replied that she did not. Charging Party I informed Quest Labs of his prescription for Adderall and completed the drug screening test.

29.    After receiving a drug screening result for Charging Party I that was positive for Adderall, the general manager left a voicemail on Charging Party I's phone to rescind the job offer. Defendants rescinded the job offer made to Charging Party I because of the positive post-offer drug screening result.

30.    Charging Party I called the general manager and explained that the positive test result was due to Adderall, a medication prescribed for his disability, ADHD. The general manager stated to Charging Party I that she could not hire people with disabilities or have them

around the dogs. During this same call, she also stated that it did not matter what prescription he had or whether or not he had a prescription. The general manager did not reinstate the job offer at any time during or after the call.

31.     Charging Party I is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Charging Party I has an impairment, ADHD, that substantially limits his major life activities, including but not limited to, focusing, learning, communicating, and interacting with others. Defendants regarded Charging Party I as having a disability by subjecting him to adverse employment actions, including rescinding a job offer and failing to hire him, because of an actual or perceived impairment, ADHD.

32.     In October 2021, Charging Party II applied and interviewed for a kennel staff position with Defendants. Charging Party II had a high school diploma, a college degree, animal handling experience, and other work experience.

33.     After determining that Charging Party II was qualified for the kennel staff position, Defendants, through the general manager, offered the kennel staff position to Charging Party II and requested that she take a drug screening test with Quest Labs. As with Charging Party I, Charging Party II was never told that she needed to disclose any prescriptions prior to taking the post-offer test.

34.     Charging Party II began working as kennel staff at Defendants' facility in Fresno on or around November 2, 2021.

35.     Charging Party II worked in the position with no performance issues until, on or around November 19, 2021, after receiving results positive for prescribed medications of Xanax and methadone, Defendants, through the general manager and the guest services supervisor, terminated Charging Party II's employment. In response to the discharge notice, Charging Party II informed the general manager and the guest services supervisor that she was taking prescribed medications for her disabilities and offered to provide them with a doctor's note. The general manager and the guest services supervisor informed Charging Party II that Defendants have a zero-tolerance drug policy and whether her medications were prescribed did not impact Defendants' decision to terminate her employment.

36.     Charging Party II performed the essential functions of her job with or without accommodation during the course of her employment. Defendants terminated Charging Party II's employment because of the positive drug screening results.

37.     Contrary to the general manager's and guest services supervisor's representations, Defendants' written drug policy permits use of legally prescribed medications.

38.     Charging Party II is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Charging Party II has impairments, including depression, chronic anxiety disorder, chronic pain, and past opioid addiction, that substantially limit her major life activities including, but not limited to, sleeping, eating, interacting with others, communicating, and caring for herself. Defendants regarded Charging Party II as having a disability by subjecting her to adverse employment action, including failure to engage in the interactive process, failure to provide reasonable accommodation, and discharge, because of an actual or perceived impairments, including depression, chronic anxiety disorder, chronic pain, and past opioid addiction.

39.     In addition to the Charging Parties, Defendants unlawfully discriminated against a class of similarly aggrieved individuals, whose positive drug screening results were attributable to medications legally prescribed for their impairments, by failing to engage in the interactive process and provide reasonable accommodation.

40.     The effect of the practices complained of in paragraphs 20-42 above has been to deprive the Charging Parties and a class of similarly aggrieved individuals of equal employment opportunities and otherwise adversely affected their status as applicants for employment or employees because of their disabilities.

41.     The unlawful employment practices complained of in paragraphs 20-42 above were intentional and caused the Charging Parties and a class of similarly aggrieved disabled individuals to suffer emotional distress.

42.     The unlawful employment practices complained of in paragraphs 20-42 above were done with malice or with reckless indifference to the federally protected rights of the Charging Parties and a class of similarly aggrieved disabled individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices that discriminate on the basis of disability in violation of the ADA;

B.    Order Defendants to institute and carry out policies, practices, and programs to ensure that they do not engage in further unlawful practices in violation of Sections 102(a) and (b) of the ADA, 42 U.S.C. §§ 12112(a) and (b);

C.    Order Defendants to make the Charging Parties and the class of similarly aggrieved individuals whole by providing compensation for past and future pecuniary losses, including, but not limited to, appropriate back pay and front pay with prejudgment interest on any lost pay and benefits, in amounts to be determined at trial;

D.    Order Defendants to make the Charging Parties and the class of similarly aggrieved disabled individuals whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, in amounts to be determined at trial;

E.    Order Defendants to pay the Charging Parties and the class of similarly aggrieved individuals punitive damages for their malicious and reckless conduct as described above, in amounts to be determined at trial;

F.    Grant such further relief as the Court deems necessary and proper in the public interest; and

G.    Award the Commission its costs of this action.

//
//
//
//

-9-

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Dated:  September 29, 2023                    Respectfully Submitted

CHRISTOPHER LAGE,
Deputy General Counsel
Washington, DC

By:    _____
ANNA Y. PARK
Regional Attorney
EEOC – Los Angeles District Office


ATTORNEYS FOR PLAINTIFF
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION