UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ELAINE'S PET RESORTS, LP, et al.,<br><br>Defendants. | Case No. 1:23-cv-01422-JLT-EPG<br><br>ORDER APPROVING PROPOSED STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 9). |

This matter is before the Court on the parties' proposed stipulated protective order. (ECF No. O). Upon review of the parties' stipulated protective order, the Court finds it acceptable in most respects. The Court notes that the parties do not make a showing as to the "particularized need for protection as to each category of information proposed to be covered by the order" or "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." (*See* Local Rule 141.1(c)(2)-(3)). However, the protective order references specific categories of information, *i.e.*, financial records, medical records and certain business records, that are sufficiently detailed to comply with Local Rule 141.1(c)(1). (ECF No. 9, p. 2) ("The following categories of information produced by a Party in discovery may be designated and treated as Confidential in this litigation: a. Financial records,

including tax forms, financial records, financial statements, account numbers, and credit card information; b. Medical, health care, and mental health records and information for any Charging Parties, Claimants, and employees with disabilities; and c. Trade secrets and customer lists.").

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, *e.g.*, such as by allowing the parties to bypass the Court's informal discovery-dispute-resolution process, the Court's established practices or Rules will govern. (*See* ECF No. 41, p. 6; ECF No. 32, pp. 3-4 (noting procedures regarding informal discovery conferences and discovery motions); the Court's Standard Procedures (same), available on the Court's website).

Accordingly, IT IS ORDERED that the parties' stipulated protective order (ECF No. 9) is approved.

IT IS SO ORDERED.

Dated:  **March 21, 2024**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE