Howard A. Sagaser, State Bar No. 072492
**SAGASER, WATKINS & WIELAND PC**
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000
Facsimile: (559) 473-1483

Attorneys for Defendants, ELAINE'S PET RESORTS, LP and
ELAINE'S ANIMAL HOUSE, INC.

Anna Y. Park, SBN 164242
Nakkisa Akhavan, SBN 286260
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-mail: lado.legal@eeoc.gov

Gaganjyot K. Sandhu, SBN 327379
gaganjyot.sandhu@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
550 W. C Street, Suite 750
San Diego, CA 92101
Telephone: (619) 900-1616
Facsimile: (619) 557-7274

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ELAINE'S PET RESORTS, LP, ELAINE'S ANIMAL HOUSE, INC., and DOES 1 through 10, inclusive<br><br>Defendants. | Case No.: 1:23-cv-01422-JLT-EPG<br><br>**CONSENT DECREE; [PROPOSED] ORDER**<br><br>Complaint Filed: September 29, 2023<br>Trial Date: October 7, 2025 |

1

**CONSENT DECREE; [PROPOSED] ORDER**

741346.1-012767.00010

## I. INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") and Defendants Elaine's Pet Resorts, LP (the "Resort") and Elaine's Animal House, Inc. ("Animal House" and together with the Resort, "Elaine's" or "Defendants") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to fully and finally resolve Plaintiff's complaint against Defendant in U.*S. Equal Employment Opportunity Commission v. Elaine's Pet Resorts, LP and Elaine's Animal House, Inc*., and Does 1-10, inclusive; Case No. 1:23-CV-01422-JLT-EPG (the "Action").

On September 29, 2023, Plaintiff filed this Action in the United States District Court, Eastern District of California, for violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"). The Action alleges that Defendants are liable for unlawfully discriminating against Charging Parties Andrea Pinajian and Cody Liebsch (the "Charging Parties") and a class of applicants for employment and employees in violation of Section 102 of the ADA, 42 U.S.C. § 12112 by failing to engage in the interactive process and failing to provide them reasonable accommodations after they tested positive for lawful prescription drug use on their post-employment offer drug screening tests. Elaine's denies the EEOC's allegations and denies liability, and nothing in this Decree shall be construed as an admission of wrongdoing or liability by Defendant.

## II. PURPOSES AND SCOPE OF THE CONSENT DECREE

A. The EEOC and Defendants (collectively, the "Parties") agree that this Action should be fully and completely resolved by entry of this Consent Decree prior to trial or adjudication of any issue of fact or law. The Decree is made and entered into by and between the EEOC and Elaine's and shall be binding on and enforceable against Elaine's as well as its agents, successors and assigns. Elaine's shall not implement any policies, procedures, and/or practices at Elaine's which violate this decree and/or the ADA, as amended by the ADAAA.

B. The Parties have entered into this Decree for the following purposes:

   1. To provide appropriate monetary and injunctive relief;

   2. To ensure Defendant complies with federal law in reasonably

accommodating Charging Parties;

    3. To ensure Defendants' employment practices comply with the ADA, as amended by the ADAAA;

    4. To ensure a work environment free from disability discrimination, especially as it relates to reasonable accommodation of disabled employees; and

    5. To ensure a work environment free from disability discrimination, especially as it relates to reasonable accommodation of disabled employees.

### III. RELEASE OF CLAIMS

A. This Decree fully and completely resolves the Action, including all issues, claims and allegations raised by the EEOC against Defendants in this Action, as well as those raised by Charging Parties. To resolve the Action, the EEOC relies upon the representations made by Defendants in Section III.B.

B. For purposes of this Decree, Animal House expressly represents it:

    1. Does not have any employees; and

    2. Exists solely as the entity-owner of the real estate upon which the Resort is located.

    3. While the EEOC does not concede whether Animal House is or is not an integrated enterprise and/or joint employer of the Resort, based on the foregoing representations and for purposes of settling the Action via this Decree only, the EEOC agrees that Animal House does not have any obligations related to this Decree.

C. Nothing in this Decree shall be construed to limit or reduce Elaine's obligation to comply fully with the ADA, as amended by the ADAAA, and/or any other federal statute.

D. Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations contained herein.

E. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Elaine's in accordance with standard EEOC procedures.

### IV. JURISDICTION

A. The Court has jurisdiction over the Parties and the subject matter of this litigation and will retain jurisdiction during the duration of this Consent Decree.

B. The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree. The terms and provisions of this Decree are fair, adequate, and reasonable. This Decree conforms with the Federal Rules of Civil Procedure and the ADA, as amended by the ADAAA, and is not in derogation of the rights or privileges of any person.

C. The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein.

### V. EFFECTIVE DATE AND DURATION OF DECREE

A. The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B. Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date (the "Term").

### VI. MODIFICATION AND SEVERABILITY

A. This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B. If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

### VII. COMPLIANCE AND DISPUTE RESOLUTION

A. The Parties expressly agree that if the EEOC has reason to believe that Elaine's has

failed to comply with any provision of this Consent Decree, other than related to the non-payment of monies, the EEOC may bring a motion before this Court to enforce the Decree. Prior to initiating such motion, the EEOC will notify Elaine's and its legal counsel of record, Howard A. Sagaser, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) that the EEOC believes Elaine's has breached. Elaine's shall have thirty (30) days to attempt to resolve or cure the alleged breach. The parties may agree to extend this period upon mutual consent.

B.  The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

C.  After forty-five (45) days have passed, inclusive of the thirty (30) days to resolve or cure the breach, if the Parties have reached no resolution or agreement to extend the time further, the EEOC may move this Court for resolution of the dispute, seeking all available relief, including an extension of the Term of the Decree for such period of time as the EEOC proves Defendant is in breach of the Decree, and/or any other relief the Court deems appropriate.

## VIII.  MONETARY RELIEF

A.  In settlement of this lawsuit, the Resort will pay a total gross sum of $35,000 Dollars to Charging Parties. The EEOC will provide the Resort with a distribution list designating the settlement amount to be paid to each Charging Party (the "Distribution List"). Within ten (10) business days of receiving the Distribution List, the Resort shall send a check, via first class, certified mail, in the amount designated in the Distribution List, to the Charging Parties at the addresses provided in the Distribution List.

B.  The EEOC has designated that these payments will be non-wage compensation; thus, no tax withholding shall be made. The Resort shall prepare and distribute 1099 tax reporting form(s), as required by law, and shall make any appropriate report(s) to the Internal Revenue Service and other tax authorities. The Resort shall be solely responsible for any costs associated with using and distributing 1099s to the Charging Parties. Within ten (10) business days of the issuance of any 1099 form, the Resort shall provide copy of the related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012.

C.  Within ten (10) business days of mailing the payments to Charging Parties, the Resort shall submit a copy of the check and any related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012.

D.  The Parties expressly agree that the EEOC may immediately initiate an enforcement action in this Court for non-compliance related to untimely payment or non-payment of monies without engaging in the dispute resolution requirements of Section VII.

## IX.   GENERAL INJUNCTIVE RELIEF

**A.  Anti-Discrimination**

Elaine's, its agents, successors, and assigns, or any of them, is enjoined from discriminating against any qualified individual because of his or her disability, as required by law, including failing to engage in the interactive process or provide reasonable accommodation to lawful users of prescription drugs in California and/or denial of any benefit or privilege of employment provided to other similarly situated disabled employees on the basis of lawful use of prescription drugs.

**B.  Retaliation**

Elaine's, its agents, successors, and assigns, or any of them, is enjoined from retaliating against any current or former employee or applicant of Elaine's employed in California, because he or she has in the past, or during the term of this Decree:

1.  Opposed any practice made unlawful under the ADA, as amended by the ADAAA;

2.  Filed a charge of discrimination alleging such practice;

3.  Testified or participated in any manner in an internal or external investigation or proceeding relating to this Action or any claim of a violation of ADA, as amended by the ADAAA;

4.  Was identified as a possible witness or claimant in this Action;

5.  Asserted any right under this Decree; or

6.  Sought and/or received any relief in accordance with this Decree.

## XI.   SPECIFIC INJUNCTIVE RELIEF

**A.  Training with Regard to Reasonable Accommodation**

1.  Within one hundred eighty (180) days of the Effective Date of this Decree and

6

**CONSENT DECREE; [PROPOSED] ORDER**

741346.1-012767.00010

annually thereafter, the Resort shall provide the training described below to the following individuals:

    (a)    all Elaine's managers who have direct reports;

    (b)    all Human Resources employees with the job title of Employee Relations Manager; and

    (c)    all Human Resources employees.

2.    The Resort's ADA reasonable accommodation training shall consist of the following components:

    (a)    The completion of the one (1) hour internal web-based training called "Job Accommodation Training for Supervisors," Course #60597823, which includes a description of the law prohibiting disability discrimination with specific and practical emphasis on engaging in the interactive process and determining a reasonable accommodation. This training is interactive in that it requires an individual taking the training to respond to questions that provide multiple choice answers relating to the prior training section as various sections of the training are completed and informs the individual if his/her answer is correct (or if not, which answer is the correct answer), before going on to the next section. The training also informs persons taking the training of available resources where they can go for further information, including job accommodation information available online on HR One-Stop, and identifies persons to contact to answer job accommodation questions or provide additional guidance on job accommodation.

**B.**     **EEO Monitor**

1.    Within sixty (60) days after the Effective Date, the Resort shall engage and retain a third-party Equal Employment Opportunity Monitor ("Monitor"). EEOC shall have final approval on the monitor selected by the Resort. EEOC agrees that approval will not be unreasonably withheld. The Monitor shall monitor the Resort's compliance with the ADA, as amended by the ADAAA, and the provisions of this Decree.

2.    If the Monitor is unable or unwilling to fulfill their duties for the duration of the decree, the Resort shall propose a monitor with demonstrated experience in the areas of equal employment opportunity law, disability discrimination, reasonable accommodations, and the

interactive process. If the EEOC does not approve of the Resort's initial selection, the EEOC shall provide the Resort with a list of three (3) suggested candidate acceptable to the EEOC as replacement candidates for the Monitor. The Resort shall bear all costs associated with the selection and retention of the Monitor and the performance of his/her duties. Should the Monitor be unable or unwilling to continue as Monitor for the duration of the Decree, the procedures set forth in IX.A.2 shall also apply to the selection of a new Monitor.

   3. The Monitor's responsibilities shall include the following:

    a. Verifying that the Resort carries out the spirit of the Decree and compliance with the ADA, as amended by the ADAAA. The Resort shall promptly make all documents and individuals requested by the Monitor available to enable the Monitor to carry out his or her responsibilities.

    b. Reviewing and revising the Resort's policies and procedures to ensure compliance with the ADA, as amended by the ADAAA. Specifically, the Monitor will work with the Resort concerning employee requests for reasonable accommodation, so that the policies and procedures are implemented to conform with the ADA, as amended by the ADAAA, disability discrimination laws and the provisions of this Decree;

    c. Meeting either telephonically or in person with the Resort's decision-makers including, but not limited to, the ADA Coordinator, Staff Developers, Trainers, and executive level employees to discuss all aspects of the Consent Decree including, but not limited to, accommodation requests, hiring, terminations, engaging in the interactive process, the status of particular accommodations or accommodation requests including the proper handling of drug tests results and ensuring compliance with the ADA, as amended by the ADAAA. For the first three months after this Decree becomes effective, the Monitor will conduct these meetings on a monthly basis. Thereafter, the Monitor will conduct the meetings on a quarterly basis through the termination of the Decree term. The frequency of the meetings may be increased at the discretion of the Monitor. The Monitor will have access to documents and persons to conduct a proper review of the accommodation requests to determine if the interactive process was properly handled in compliance with the ADA, as amended by the ADAAA.

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

      d. During these meetings, the Monitor will conduct an individualized assessment of supervisor or individual who has authority to make decisions regarding disability rights of employees including, but not limited to hiring, terminations, reasonable accommodations, and the interactive process to ensure they understand their responsibilities under the ADA, as amended by the ADAAA. Specifically, the Monitor shall review information to determine whether applicants' or employees' positive drug test results were related to lawfully prescribed medications; to assess Defendants' ability to: (1) engage in the interactive process with disabled applicants and employees, (2) handle accommodation requests, including, but not limited to, identifying and providing a reasonable accommodation to their disabled applicants and employees, (3) respond appropriately to complaints of disability discrimination and/or retaliation, including conducting a proper investigation, and (4) conduct necessary monitoring thereafter.

      e. Providing or overseeing effective training to the Resort's employees, on their rights and responsibilities under the ADA, as amended by the ADAAA, including but not limited to the Resort's responsibilities to provide a reasonable accommodation, the Resort's policies and procedures for requesting a reasonable accommodation, prohibition on retaliatory conduct against (including disciplining, suspending, or terminating) an employee for complaining about disability discrimination or requesting a reasonable accommodation, and the Resort's policies and procedures for filing a complaint of disability discrimination, harassment, and/or ADA retaliation. With respect to training HR and managers, the Monitor will work with the Resort to verify that it understands and applies the following:

      i. How to recognize an accommodation request or a potential need for an accommodation for individuals with disabilities;

      ii. How applicants and employees can notify Defendants of an accommodation request or a potential need for an accommodation related to a disability;

      iii. How to engage in the interactive process and how best to ensure those purposes and goals are achieved under the ADA, as amended by the ADAAA; and

9

**CONSENT DECREE; [PROPOSED] ORDER**

741346.1-012767.00010

          iv.  How to address disability discrimination and retaliation complaints.

    f.    Verifying that the Resort creates a centralized system of tracing requests for accommodation and steps taken to engage the employee and applicants in the interactive process if the request was denied. The centralized system will also include applicants and handling of drug tests consistent with the ADA as amended by the ADAAA;

    g.    At least quarterly through the term of the Decree, conduct and document an audit of accommodation requests, the interactive process, accommodation decisions, and any complaints of disability discrimination or retaliation, and report findings to the EEOC as required below;

    h.    Preparing an annual report to the EEOC on the Resort's progress and its compliance under this Decree;

    i.    Verifying that all reports required by this Decree are accurately compiled and timely submitted;

    j.    Monitor and verify the retention and maintenance of any documents or records required by this Decree; and

    k.    Monitor and verify the distribution of any documents and posting of notice as required by this Decree.

4.    Defendants shall bear all costs associated with the selection and retention of the Monitor and the performance of his/her duties.

## XII.   RECORD KEEPING AND REPORTING

Within thirty (30) days of the retention of the Monitor, the Monitor will work with the Resort to ensure records are maintained for documents generated under this Decree. Specifically documents related to the centralized tracking and that accommodation and complaint logs are created to track per this Decree.

The Monitor will report to the EEOC about the Resort's compliance with the provisions of this Decree with respect to establishing policies and procedures, training, record maintenance, and monitoring responsibilities as set forth above in Section XI.

10
**CONSENT DECREE; [PROPOSED] ORDER**

741346.1-012767.00010

### XIII.  COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

Elaine's shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

### XIV.  COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

### XV.  MISCELLANEOUS PROVISIONS

A.  Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012; facsimile number (213) 894-1301. All notices to Defendants required under this Decree shall be delivered to its counsel of record, Howard A. Sagaser, Sagaser, Watkins & Wieland PC, 5260 North Palm Avenue, Suite 400, Fresno, CA 93704; facsimile number (559) 473-1483.

B.  The Parties agree to entry of this Decree and judgment subject to final approval by the Court. All parties, through the undersigned, respectfully apply for and consent to this entry of this Consent Decree Order.

### XVI.  EEOC'S REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(f) AND 6050X

The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

1.  The Resort's EIN is: 204096571.

The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is:

Howard Nestell

c/o Howard A. Sagaser

SAGASER, WATKINS & WIELAND PC

5260 North Palm Avenue, Suite 400

Fresno, California 93704

2. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

3. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

4. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

5. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

Respectfully submitted,

Dated: May ___, 2025

**U.S. EMPLOYMENT OPPORTUNITY COMMISSION**

By:_____
Anna Y. Park
Attorney for Plaintiff EEOC

Dated: May ___, 2025

**SAGASER, WATKINS & WIELAND PC**

By:_____
Howard A. Sagaser
Attorneys for Defendants
Elaine's Pet Resorts, LP and Elaine's Animal House, Inc.

**[~~PROPOSED~~] ORDER**

The provisions of the foregoing Consent Decree are hereby approved and are fair, reasonable, and adequate. Compliance with all provisions thereof is HEREBY ORDERED.

IT IS SO ORDERED.

Dated: __May 20, 2025__   
UNITED STATES DISTRICT JUDGE

---

**CONSENT DECREE; [~~PROPOSED~~] ORDER**

741346.1-012767.00010